UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lewis Mercado,                            Case No. 4:15-cv-0242

        Petitioner

v.                                            MEMORANDUM OPINION
                                                AND ORDER

Warden, FCI Elkton,

        Respondent

**BACKGROUND AND HISTORY**

*Pro se* Petitioner Lewis Mercado filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Mercado was convicted in the Superior Court of New York County in 1996 for sale of a controlled substance, and in the United States District Court for the Southern District of West Virginia in 1998 on charges of knowingly and intentionally conspiring to distribute and possess with intent to distribute cocaine and cocaine base. He was sentenced to 5 to 10 years incarceration in the state court and to 235 months in the federal court. As grounds for habeas relief, he asserts he was denied credit on his federal sentence for time he spent in state custody prior to his federal conviction. He asks me to order the Bureau of Prisons ("BOP") to credit his federal sentence with the 21 months and 11 days he spent in state custody awaiting trial on the federal charges. For the reasons set forth below, the Petition is denied and this action is dismissed.

Petitioner was sentenced in the Superior Court for New York County on July 2, 1996. He had been released from state custody on bond, and did not appear for sentencing. He was sentenced "in absentia" to 5 to 10 years incarceration.

Petitioner was indicted on federal charges on October 15, 1996. He did not appear for the arraignment as instructed and bench warrants were issued for his arrest in both state and federal court. Petitioner was arrested by local officials on the state arrest warrant on August 8, 1997 and he was taken into state custody on August 11, 1997 to begin to serve his state sentence.

On October 27, 1997, the federal court issued a writ of habeas corpus *ad prosequendum* and he was transferred to the custody of the United States Marshals to stand trial on the federal charges. He was sentenced to a 360-month term of imprisonment by the United States District Court for the Southern District of West Virginia on April 13, 1998. That term was later reduced to 235 months incarceration. His federal sentence was ordered to run concurrent to his state sentence. Immediately following his sentencing, he was returned to the custody of the State of New York. He remained in state custody until he was paroled to the custody of the United States Marshals on September 26, 2001.

Petitioner contends he is entitled to "Willis credit" on his federal sentence from the time he began to serve his state sentence on August 11, 1997 to April 13, 1998, the date his federal sentence was imposed by the United States District Court. He asserts his federal sentence was ordered to be served concurrent with his state sentence and he therefore is entitled to credit under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), incorporated into Bureau of Prisons ("BOP") policy at Program Statement ("PS") 5880.28, Sentence Computation Manual. He states he is entitled to this credit even though the State of New York also awarded him credit toward his state sentence for this time period.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice*

2

*v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, a district court may dismiss a petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## ANALYSIS

The United States Code specifies that a federal sentence commences on the date the prisoner is received at the detention facility at which the federal sentence is to be served. *See* 18 U.S.C. § 3585(a). Section 3585(b) gives the BOP authority to credit against the sentence time served prior to the commencement of the sentence. The statute provides, in relevant part:

> (a) Commencement of sentence.-A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody.-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

Under 18 U.S.C. § 3585(a), Petitioner's federal sentence could not begin to run until after he was sentenced in federal court. That occurred on April 13, 1998. Petitioner could only be credited with time spent in custody prior to the issuance of his federal sentence if the time he spent in pre-trial detention was not credited toward another sentence. The time Petitioner seeks to have credited

toward his sentence, August 11, 1997 to April 13, 1998, was credited against his state sentence, and therefore under § 3585(b), cannot also be applied against his federal sentence.

Petitioner's transfer to federal court via a writ of habeas corpus *ad prosequendum* does not alter this calculation. A writ of habeas corpus *ad prosequendum* serves only as a "loan" of Petitioner to federal court for criminal proceedings in the receiving jurisdiction. *Gipson v. Young*, No. 85-5158, 1986 WL 16497, at *2 (6th Cir. Feb. 6, 1986). A federal sentence does not begin to run when a Defendant is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and he received credit on his state sentence for this time. *Id*. *See Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir. 1992); *Hernandez v. United States Attorney General*, 689 F.2d 915, 918- 19 (10th Cir. 1982). The only function of the writ is to cause the removal of a prisoner to the proper jurisdiction for prosecution. 28 U.S.C. § 2241(c)(5); *United States v. Boyes*, 305 F.2d 160, 161 (6th Cir. 1962).

Petitioner contends he is entitled to *Willis* credit toward his federal sentence. *Willis* credits are an exception to the rule against "double counting" set forth in § 3585(b). They apply only: (1) if the prisoner's federal and state sentences are concurrent; and (2) the prisoner's federal sentence runs longer than the state sentence (not counting any credits). *See Willis v. United States,* 438 F.2d 923 (5th Cir. 1971); *Wright v. Hogsten*, No. 10–58–GFVT, 2010 WL 1995011, 2 (E.D. Ky. May 19, 2010). When the prisoner meets both criteria, then he or she is entitled to prior custody credits for any time spent in non-federal presentence custody beginning on or after the date the federal action is commenced up to the date that the first sentence begins to run, regardless of whether that sentence is the federal or the state sentence.

Here, Petitioner is not entitled to *Willis* credit. While his federal and state sentences may be concurrent and his federal sentence may be longer, *Willis* credit ends when the prisoner begins to serve the first of his concurrent sentences, regardless of whether it is the state sentence or the federal sentence. In this case, when Petitioner was arrested in August 1997, he was taken into state

custody to begin to serve his state sentence. The time Petitioner seeks to have credited toward his federal sentence is not presentence custody, but time actually served on his state sentence. *Willis* credits do not apply to the period of time in question.

## CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, I certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

                                                                   s/ Jeffrey J. Helmick
                                                                   United States District Judge